UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV- 81169

JOSHUA N. FREESE,

    Plaintiff,

vs.

TREECYCLE LAND CLEARING INC. and
SEAN M. CASEY,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGES**

Plaintiff, Joshua N. Freese, sue Defendants, Treecycle Land Clearing Inc. and Sean M. Casey, for violating Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Joshua N. Freese**, was and is a resident of Palm Beach County, Florida, at all times material, and he is *sui juris*. He was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times his regular rate of pay for all time he spent working over 40 hours per week from Defendants. Mr. Freese consents to participate in this lawsuit.

2.    **Defendant, Treecycle Land Clearing Inc. ("Treecycle")**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains it office and principal place of business Lake Worth, Palm Beach County, Florida.

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

3. **Defendant, Sean M. Casey**, was and is the owner and operator of Treecycle Land Clearing Inc. for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. He lives and works in Palm Beach County, Florida.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain several offices and their principal place of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

*Background Facts*

6. Defendants have been at all times material engaged in interstate commerce in the course of their provision of land clearing services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

7. Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

8. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

9. In particular, Defendants own and operate a land clearing and land grubbing company that performs residential and commercial disposal of land clearing materials, performs

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

topsoil removal, and performs other related services utilizing computers, trimmers, mowers, skidders, track grinders, track bunchers, mulchers, vehicles, cellular telephones, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

10. Plaintiff worked for Defendants from January 3, 2013 to October 9, 2017.

11. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

12. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for Defendants in the course of his utilizing vehicles, cellular telephones, mowers, and other goods and supplies that moved through interstate commerce.

13. Plaintiffs would regularly drive in a vehicle owned/leased by Defendants, operated mowers, skidders, track grinders, track bunchers, mulchers, backhoes, and performed other duties.

14. In addition, Plaintiff would regularly and routinely purchase and/or pump petroleum products for vehicles owned/leased by Defendants.

15. Defendants paid Plaintiff an hourly rate of $14.00 from 2014 to September 2015.

16. Defendants paid Plaintiff an hourly rate of $15.00 from October 2015 to October 9, 2017.

### *Liability Allegations*

17. Defendants did not record, and so did not pay Plaintiff at all for the time that he spent loading and unloading Defendants' vehicles.

18. Defendants also did not record, and so did not pay Plaintiff at all for the times that

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

he was required to perform work for Defendants obtaining gas in their vehicles or taking their vehicles for service.

19. Plaintiff is entitled to be paid at a rate of one and one-half times his regular rate of pay for all unpaid time that he worked for Defendants as described above.

20. Defendants would document work time for Plaintiff from the time that he started driving to the jobsite until when he returned from the jobsite.

21. While Defendants would pay Plaintiff for the time that he spent traveling to and from the worksites, they would not pay Plaintiff at a rate of one and one-half times his regular rate of pay for travel time – even when the travel time was before or after Plaintiff performed loading and/or unloading – and would instead only pay Plaintiff at his regular hourly rate for the travel time worked even though Defendants required that Plaintiff drive their other employees to and from jobsites.

22. Plaintiff routinely worked more than 40 hours each week for Defendants.

23. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular rate(s) of pay for all hours worked over 40 hours in a given workweek.

24. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate(s) of pay for each of the overtime hours he worked during the three years prior to the filing of this lawsuit.

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

Defendants were not required to pay their overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

27. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

28. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Joshua N. Freese, demands the entry of a judgment in his favor and against Defendants, Treecycle Land Clearing Inc., Sean M. Casey, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants as provided under the law and in 29 U.S.C. § 216(b)

b. That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 18th day of October, 2017.

                                                                  Respectfully Submitted,

                                                                  FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

6

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com